

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

In re: FRIEDMAN'S INC., et al.

Debtors.

ALAN COHEN, as Trustee of the Friedman's Creditor Trust

Plaintiff,

vs.                                            407CV041

MORGAN SCHIFF & CO., INC., PHILLIP E. COHEN, STERLING BRINKLEY, BRADLEY J. STINN, VICTOR M. SUGLIA, and ALSTON & BIRD LLP,

Defendants.

## ORDER

### I. INTRODUCTION

Alston & Bird LLP moves this Court to withdraw this adversary proceeding's reference to the Bankruptcy Court in the *In re: Friedman's, Inc.* bankruptcy case. Doc. # 1. In his adversary complaint, the Trustee of the Friedman's Creditor Trust ("Trustee") brings malpractice, fraudulent conveyance, and breach of fiduciary duty claims, as well as claims based on the federal bankruptcy code, against Alston & Bird. A-doc. # 1 at 103-110 (Counts XI-XV).[1] The Trustee additionally brings claims against other defendants, none of which object to Alston & Bird's motion. Doc. ## 4, 5.

### II. BACKGROUND

This case arises from the financial collapse of Friedman's, Inc. (Friedman's), a jewelry store chain. B-doc. # 1 at 5. Alston & Bird served as its outside general counsel prior to its collapse. A-doc. # 1 at 7. Friedman's voluntarily petitioned for Chapter 11 bankruptcy, *id.*, and listed Alston & Bird as an unsecured creditor owed $2,548,832.07 in fees. B-doc. # 1 at 8.

The Bankruptcy Court set a deadline for asserting claims against Friedman's bankruptcy estate. B-doc. # 471 at 2. Its Order noted, however, that no claim need be filed by a party "(a) that agrees with the nature, classification, and amount of such Claim set forth in the Schedules *and* (b) whose claim against a Debtor is not listed as 'disputed,' 'contingent,' or 'unliquidated' in the Schedules." Doc. # 471 at 3. Friedman's submission of Alston & Bird as an unsecured creditor -- a submission not listed as disputed, contingent, or unliquidated -- therefore made Alston & Bird a claimant to the bankruptcy estate.

The Bankruptcy Court later confirmed Friedman's Reorganization Plan ("Plan"). B-doc. # 1338 at 23. As part of the Plan, the Friedman's Creditor Trust was formed. *Id.* at 20-21, 43-44. The confirmation relied on the Trustee to resolve any Trust claims. *Id.* at 45. Pursuant to the Plan, unsecured creditors like Alston & Bird were entitled to a "Pro Rata share of the net Trust Recoveries, if any," *Id.*, exh. A at 20, and the Plan defined "Trust Recoveries" as "any and all proceeds" of Trust-Claims litigation. *Id.*, exh. A at 15.

The Trustee subsequently pursued Trust Recoveries in the Bankruptcy Court. Among

---

[1] The Court will cite "A-doc." when referring to filings in the Bankruptcy Court's Adversary No. 07-04042 -- the case Alston & Bird seeks to withdraw. Similarly, the Court will cite "B-doc." when referring to filings in the Bankruptcy Court's Chapter 11 action No. 05-40129.

other things, he filed an adversary complaint against Alston & Bird and some former Friedman's officials for their involvement in Friedman's collapse. *See generally* A-doc. # 1. Asserting its right to a jury trial, Alston & Bird moved this Court to withdraw the reference of this case to the Bankruptcy Court. Doc. # 1. After filing that motion, it stipulated that its claim against Friedman's bankruptcy estate was "DISALLOWED and EXPUNGED." B-doc. # 1944 at 1.

## III. ANALYSIS

By design, bankruptcy courts operate in equity. They attempt to simplify complex relationships between debtors and creditors into a single overarching solution that determines each creditor's rights and allows the debtor to lessen if not shed his debt burden. Because simplicity is necessary in these equitable proceedings, many trappings associated with judicial process (*e.g.*, a jury trial) are eliminated. So when claims and cross-claims arise between a debtor and those creditors claiming an interest in the bankruptcy estate, most are summarily adjudicated by the bankruptcy judge as part of the equitable process. This process comports with the Seventh Amendment jury-trial right, because that right does not apply in equity-based proceedings. *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57-59 & n. 14 (1989).

In short, when a trustee brings an adversary complaint against a claimant to the bankruptcy estate, the trustee's "action" against the claimant can be recharacterized as an equitable defense to the claimant's claim. The adversary complaint thus can be treated as "part of the process of allowance and disallowance of claims ... triable in equity." *Granfinanciera*, 492 U.S. at 58 (quoting *Katchen v. Landy*, 382 U.S. 323 (1966)).

Contrast that with a bankruptcy trustee's adversary complaint against a non-creditor or a creditor with no claim in the bankruptcy action -- a "stranger" to the bankruptcy estate. In that situation, the bankruptcy court is not already adjudicating the parties' relationship. *Granfinanciera*, 492 U.S. at 57-59 & n. 14. Therefore, the action cannot be recharacterized as an equitable defense to a claim against the bankruptcy estate, which means it cannot be treated as part of the allowance/disallowance process. It thus may give rise to a Seventh Amendment jury-trial right. *Id.* at 58 & n.13. Where a jury-trial right attaches, all parties and the district court must consent to a bankruptcy (as opposed to a district) court jury trial. 28 U.S.C. § 157(e).

So when a bankruptcy trustee brings an adversary complaint against a defendant and the defendant asserts a jury-trial right, courts examine whether the defendant is a claimant-creditor of the estate. If the defendant has a claim against the estate, then the law treats the trustee's action as an equitable defense to that claim -- part of the allowance/disallowance process -- and the defendant enjoys no jury-trial right. If not, the adversary complaint cannot be treated as an equitable defense to a claim, and the defendant's jury-trial right may attach.

Here Alston & Bird asserts a jury-trial right and refuses to consent to a Bankruptcy Court jury trial. Therefore, it moves this Court to withdraw the reference and preside over the trial. The Trustee argues only that Alston & Bird has no jury-trial right because of its previous participation in the bankruptcy proceedings. The relevant question is whether that participation makes Alston & Bird a "claimant" to the bankruptcy estate.

2

Typically, a bankruptcy trustee brings an adversary complaint against a defendant for bankruptcy-related matters, and the defendant either has submitted a claim against the estate, or has stayed away from the bankruptcy action. Three circumstances differentiate this case from the typical situation. First, Alston & Bird never filed any claim in the Bankruptcy Court (it stayed away), yet a claim was established by Friedman's when it listed Alston & Bird in its bankruptcy petition schedules.

Second, unlike the typical debtor-creditor case in which the trustee's adversary complaint is a traditional part of the bankruptcy process (*e.g.*, a garden-variety preference claim, as was at issue in *Langenkamp* and *Granfinanciera*), the claims raised against Alston & Bird are for pre-petition malpractice and other torts in no way related to, or arising out of, questions about the proper distribution of the bankruptcy estate. Third, Alston & Bird stipulated away any claim it may have had against the bankruptcy estate.

Courts have found either of the first two circumstances sufficient to hold that a defendant has a right to a jury trial on a bankruptcy trustee's claim. *E.g., Official Comm. of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.)*, 13 F.3d 122, 126 (4th Cir. 1993) (*Granfinanciera* and *Langenkamp* are limited "to instances where a creditor has *voluntarily* filed a proof of claim and *chosen to submit himself* to the equity jurisdiction of the bankruptcy court" (emphasis added)); *Rickel & Assocs. v. Smith (In re Rickel & Assocs., Inc.)*, 320 B.R. 513, 518 (Bankr. S.D.N.Y. 2005) (distinguishing between "disputes vital to the bankruptcy process" and "disputes that are only incidentally related to the bankruptcy process").

This Court, however, will resolve this dispute by applying the third distinction: Here, before responding to the adversary complaint in any way (*i.e.*, by answering or filing a motion to dismiss), Alston & Bird unequivocally expunged any interest in the bankruptcy estate. By expunging its claim, it eliminated the grounds for characterizing the adversary complaint as an equitable defense;[2] the adversary complaint now stands on its own. What was once a defense against a claimant's request for a portion of the bankruptcy estate is now a simple action against an unrelated party.

Because the instant adversary complaint is no longer "part of the process of allowance and disallowance of claims," *Granfinanciera*, 492 U.S. at 58 (quoting *Katchen v. Landy*, 382 U.S. 323 (1966)), Alston & Bird has the constitutional right to a jury trial. Since it does not consent to a Bankruptcy Court jury trial (*see* 28 U.S.C. § 157(e)), this Court's reference of this case to the Bankruptcy Court must be withdrawn.

---

[2] *Compare Smith v. Dowden*, 47 F.3d 940, 941-42 (8th Cir. 1995) (creditor who had filed claim against bankruptcy estate, but then voluntarily dismissed claim prior to initiation of adversary proceeding by trustee had a jury trial right) *with In re Sea Island Cotton Trading, Inc.*, 2000 WL 33952877 at * 2 (Bkrtcy.S.D.Ga. 7/25/00) (unpublished) ("In *Smith*, the proof of claim was successfully withdrawn prior to the filing of the adversary proceeding. As a result, the claim was removed from the claims allowance process. Whereas in this case, the claim was not withdrawn, but transferred to a third party. The claim remains an active part of the bankruptcy case and continues to impact the debtor-creditor relationship," so the creditors litigating the claims enjoy no jury trial right).

## IV. CONCLUSION

Alston & Bird's motion to withdraw the reference is ***GRANTED***. Doc. # 1. The parties shall file all related motions pending in the Bankruptcy Court in this Court, under this docket number.

This 23 day of May, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA