UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALAN COHEN AS TRUSTEE OF THE FRIEDMAN'S CREDITOR TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN SCHIFF & CO., INC., PHILLIP E. COHEN, STERLING BRINKLEY, BRADLEY J. STINN, VICTOR M. SUGLIA, AND ALSTON & BIRD LLP,<br><br>Defendants. | Hon. B. Avant Edenfield<br><br>Case No. 4:07-CV-00041-BAE |

## <u>CONSENTED-TO MOTION FOR APPROVAL OF STIPULATION AND ORDER OF DISMISSAL</u>

COMES NOW Alan Cohen (the "Trustee") as Trustee of the Friedman's Creditor Trust (the "Trust"), and pursuant to Fed. R. Civ. P. 41, herewith files this Consented-To Motion for Approval of Stipulation and Order of Dismissal (the "Consent Motion"), and respectfully shows the Court as follows:

1.

The Trustee has entered into written settlement agreements with each of the named defendants (the "Proposed Settlements") who have entered appearances in this matter, which agreements require Bankruptcy Court approval pursuant to Bankruptcy Rule 9019.

2.

For the reasons set forth in the Stipulation and [Proposed] Order of Dismissal attached hereto as Exhibit "A" (the "Proposed Stipulation and Dismissal"), the Trustee submits it would be appropriate for this Court to refer all matters relating to review and approval of the Proposed Settlements to the Bankruptcy Court.

3.

The Trustee represents that each of the named defendants who have entered appearances in this matter, by the signature of respective counsel of record affixed to the original Proposed Stipulation and Dismissal submitted contemporaneously herewith, consent to the entry of same by this Court.

WHEREFORE, the Trustee prays that upon final consideration of this matter, that this Court,

1. Enter the Proposed Stipulation and Dismissal in the form attached hereto as Exhibit "A", the original of which has been submitted to this Court contemporaneously with the filing of this Consent Motion.

This 23rd day of June, 2008.

s/ David W. Adams
David W. Adams (Georgia Bar No. 002860)
ELLIS, PAINTER, RATTERREE & ADAMS LLP
2 East Bryan Street, 10th Floor
Savannah, Georgia 31401
(912) 233-9700
(912) 233-2281 (fax)

William C. Fredericks
Eric T. Kanefsky
BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400
(212) 554-1444 (fax)

*Attorneys for the Plaintiff Trustee*

Glenn B. Rice
Jennifer Feeney
OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
(212) 661-9100
(212) 682-6104 (fax)

*Of Counsel to the Plaintiff Trustee*

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALAN COHEN AS TRUSTEE OF THE FRIEDMAN'S CREDITOR TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN SCHIFF & CO., INC., PHILLIP E. COHEN, STERLING BRINKLEY, BRADLEY J. STINN, VICTOR M. SUGLIA, AND ALSTON & BIRD LLP,<br><br>Defendants. | Hon. B. Avant Edenfield<br><br>Case No. 4:07-CV-00041-BAE |

## **STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**

WHEREAS, Friedman's Inc. was a company engaged in the jewelry retailing business that filed for bankruptcy under Chapter 11 of the Bankruptcy Code (the "Code") on January 14, 2005;

WHEREAS, pursuant to Friedman's First Amended Plan of Reorganization filed on September 20, 2005 (as amended) (the "Reorganization Plan") and subsequent order dated November 23, 2005 (the "Confirmation Order") of the United States Bankruptcy Court for the Southern District of Georgia (the "Bankruptcy Court") confirming the Reorganization Plan: (a) the Friedman's Creditor Trust (the "Trust") was duly established as a creditors' trust; (b) Alan Cohen (the "Trustee") was appointed the Trustee of the Trust; and (c) certain claims previously belonging to Friedman's or Friedman's bankruptcy estate were transferred to the Trust;

WHEREAS, on January 12, 2007, the Trustee commenced an action (the "Action") by filing an adversary complaint against (1) former Friedman's director Sterling Brinkley ("Brinkley"); (2) former Friedman's officer and director Bradley Stinn ("Stinn"); (3) former Friedman's CFO Victor Suglia ("Suglia"); (4) former Friedman's outside counsel Alston & Bird LLP ("A&B"); (5) former Friedman's financial advisor Morgan Schiff & Co., Inc. ("Morgan Schiff"); and (6) former Morgan Schiff managing director and Friedman's shareholder Phillip E. Cohen ("Cohen") in the Bankruptcy Court captioned *Alan Cohen as Trustee of the Friedman's Creditor Trust v. Morgan Schiff & Co., Inc. et al. (In re Friedman's Inc.)*, Case No. 05-40129, Adv. No. 07-4042 (Bankr. S.D. Ga.);

WHEREAS, the Trustee's adversary complaint asserted a variety of different claims against the foregoing defendants for, *inter alia*, Breach of Contract, Unjust Enrichment, Fraud, Common Law Fraud, Aiding and Abetting Fraud, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Gross Mismanagement, Waste of Corporate Assets, Professional Malpractice, Fraudulent Conveyance and/or for recovery of Preferential Transfers;

WHEREAS, the Action was subsequently transferred to the docket of the United States District Court for the Southern District of Georgia (Edenfield, J.) (the "District Court"), under the docket number 4:07-CV-00041 (BAE), following the District Court's Withdrawal of the Reference by Order dated May 23, 2007;

WHEREAS, the Trustee has entered into written settlement agreements (the "Proposed Settlements") with five (5) of the six (6) defendants in the Action (namely defendants Morgan Schiff, Cohen, Brinkley, Stinn and A&B) (collectively, the "Settling Defendants");

WHEREAS, because the claims at issue in this matter were brought by the Trustee of the Trust pursuant to and under the authority granted under the Reorganization Plan and Confirmation Order, approval by the Bankruptcy Court of each of the Proposed Settlements is required under Bankruptcy Rule 9019(a) before those Proposed Settlements can become effective;

WHEREAS, pursuant to the Reorganization Plan, the Bankruptcy Court retained jurisdiction to, among other things, hear and determine any motions to compromise or to settle Trust Claims or disputes arising in connection with the interpretation, implementation or enforcement of the Trust;

WHEREAS, the terms of each of the Proposed Settlements provides, *inter alia*, for

(a) submission of that Proposed Settlement to the Bankruptcy Court for review and approval by that court; and

(b) the dismissal with prejudice of all claims asserted by the Trustee against each of the respective Settling Defendants, *contingent* upon (i) the proposed Settlement with the relevant Settling Defendant(s) being approved by an Order (the "Approval Order") of the Bankruptcy Court, (ii) the Approval Order becoming final and non-appealable (or being affirmed on appeal); and, in certain cases, upon certain required payments being made.

WHEREAS, the Trustee has also entered into two separate written settlement agreements (the "E&Y/Wedbush Settlements") with (a) Ernst & Young LLP ("E&Y") and Ernst & Young Corporate Finance LLC ("EYCF"), and (b) Wedbush Morgan Securities, Inc. ("Wedbush"), which entities were named in an adversary proceeding originally filed in the Bankruptcy Court under the caption *Alan Cohen as Trustee of the Friedman's Creditor Trust v. Ernst & Young LLP, et al. (In re Friedman's Inc.), Case No. 05-40129, Adv. No. 07-4043 (Bankr. S.D. Ga.)*;

WHEREAS, the E&Y/Wedbush Settlements also require approval of the Bankruptcy Court under Bankruptcy Rule 9019(a) in order to become effective;

WHEREAS, the ultimate distribution of net settlement proceeds from the Proposed Settlements and the E&Y/Wedbush Settlements to Class 5 General Unsecured Creditors is closely linked to the substantial consummation of the Reorganization Plan confirmed by the Bankruptcy Court;

WHEREAS, the interests of judicial economy and the benefits to be derived from the global resolution of all matters pertaining to the Trust in one proceeding strongly militate in favor of referral of all settlement matters to the Bankruptcy Court for review and adjudication;

WHEREAS, the Trustee and each of the Settling Defendants wish to have the Proposed Settlements submitted to the Bankruptcy Court as expeditiously as possible, and to have the pending claims asserted against each of the respective Settling Defendants dismissed contingent upon the Proposed Settlement with each such Settling Defendants being approved by the Bankruptcy Court and becoming Effective so as to avoid incurring unnecessary costs of continuing litigation pending judicial review of the Proposed Settlements;

WHEREAS, the undersigned counsel represent all parties to this action who have entered an appearance in this Action (inasmuch as the only party to this Action who is not a signatory to this Stipulation is defendant Victor Suglia, who has not yet entered an appearance);

WHEREAS, the Trustee has determined that it is in the best interests of the Trust to dismiss this action with prejudice against defendant Suglia, contingent only upon his execution of certain releases;

WHEREAS, the Trustee respectfully submits that the interests of justice and of Friedman's unsecured creditors strongly support the entry of the requested relief, so that Friedman's unsecured creditors may secure the financial benefits of the Proposed Settlements as expeditiously as possible, subject to Bankruptcy Court approval;

WHEREAS, the Settling Defendants deny liability and dispute the claims against them.

IT IS THEREFORE STIPULATED AND AGREED by the Trustee and each of the Settling Defendants (consisting of all of the parties to this action, other than defendant Suglia who has not yet appeared), by and through their undersigned attorneys, that the Parties to this Stipulation consent to entry of by this Court of the following relief pursuant to Fed. R. Civ. P. 41:

(1) An Order dismissing with prejudice all claims that were or could have been asserted in the Action by the Trustee against Defendants Morgan Schiff and Cohen, with each party to bear its own costs and attorney's fees, contingent upon (a) the occurrence of the "Effective Date" under the Trustee's Proposed Settlement with Morgan Schiff and Cohen;[1] and (b) the receipt by the Trustee of the cash settlement consideration provided for under that Proposed Settlement;

(2) An Order dismissing with prejudice all claims that were or could have been asserted in the Action by the Trustee against Defendant Brinkley, with each party to bear its own costs and attorney's fees, contingent upon (a) the occurrence of the

---

[1] For purposes of this Stipulation, the term "Effective Date" as used with respect to a particular Proposed Settlement has the following meaning, namely, the date on which the last of the following has occurred: (1) entry of an order by the Bankruptcy Court approving the relevant Proposed Settlement; and (2) the later of the expiration of the time for any appeals of such approval order to be filed, or the date on which such approval order is affirmed on appeal and the time for any further appeals has expired, or the date on which such approval order otherwise becomes final and non-appealable.

"Effective Date" under the Trustee's Proposed Settlement with Brinkley;[2] and (b) the receipt by the Trustee of the cash settlement consideration provided for under that Proposed Settlement;

(3) An Order dismissing with prejudice all claims that were or could have been asserted in the Action by the Trustee against Defendant Stinn, with each party to bear its own costs and attorney's fees, contingent upon (a) the occurrence of the "Effective Date" under the Trustee's Proposed Settlement with Stinn;[3] and (b) the receipt by the Trustee of the cash settlement consideration provided for under that Proposed Settlement;

(4) An Order dismissing with prejudice all claims that were or could have been asserted in the Action by the Trustee against Defendant A&B, with each party to bear its own costs and attorney's fees, contingent upon the occurrence of the "Effective Date" under the Trustee's Proposed Settlement with A&B;[4] and

(5) An Order dismissing with prejudice all claims that were or could have been asserted in the Action by the Trustee against defendant Suglia, with each party to bear its own costs and attorneys fees, contingent upon Suglia's execution of mutual releases with the Trustee releasing all claims related directly or indirectly to Friedman's or Crescent, any of the matters alleged in this Action, or the prosecution, settlement or litigation of this Action; and

(6) An Order referring to the Bankruptcy Court all matters pertaining to the review and approval of the Proposed Settlements under Bankruptcy Rule 9019(a), subject to this Court's powers of appellate review, for purposes of (a) regulating notices to

---

[2] *See* footnote 1 above.
[3] *See* footnote 1 above.
[4] *See* footnote 1 above.

parties in interest of the Proposed Settlements, (b) determining whether to approve any or all of the Proposed Settlements, (c) entering orders granting such relief as may be necessary or appropriate to effectuate or facilitate consummation of said settlements, or (d) entering such other and further orders granting relief as may be necessary or appropriate under the Bankruptcy Rules, the Bankruptcy Code and/or the Proposed Settlements insofar as such relief relates, directly or indirectly, to the Bankruptcy Court's review, consideration, approval or enforcement of any of the Proposed Settlements.

SO STIPULATED, by the undersigned counsel on behalf of the undersigned Parties this 23rd day of June, 2008.

/s/ David W. Adams
David W. Adams (Georgia Bar No. 002860)
ELLIS, PAINTER, RATTERREE & ADAMS LLP
2 East Bryan Street, 10th Floor
Savannah, Georgia 31401
(912) 233-9700
(912) 233-2281 (fax)

William C. Fredericks
Eric T. Kanefsky
BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400
(212) 554-1444 (fax)

*Attorneys for the Plaintiff Trustee*

Glenn B. Rice
Jennifer Feeney
OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
(212) 661-9100
(212) 682-6104 (fax)

*Of Counsel to the Plaintiff Trustee*

399304v1

_____
M. Tyus Butler, Jr. (Georgia Bar No. 099950)
BOUHAN, WILLIAMS & LEVY LLP
P.O. Box 2139
Savannah, Georgia 31402-2139
(912) 644-5736
(912) 644-6236 (fax)

Neil A. Steiner
DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112-2200
(212) 698-3500

*Attorneys for Defendants Philip E. Cohen &*
*Morgan Schiff & Co., Inc.*


_____
James L. Drake, Jr. (Georgia Bar No. 229250)
JAMES L. DRAKE, JR., P.C.
7 East Congress Street, Suite 901
P.O. Box 9945
Savannah, Georgia 31412
(912) 790-1533
(912) 790-1534 (fax)

*Attorneys for Defendant Bradley J. Stinn*


_____
Dana F. Braun (Georgia Bar No. 078512)
CALLAWAY, BRAUN, RIDDLE & HUGHES,
P.C.
P.O. Box 9150
Savannah, Georgia 31412
(912) 238-2750
(912) 238-2767 (f)


Randall W. Bodner
Holly J. Caldwell
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7776
(617) 235-0340 (f)

*Attorneys for Defendant Sterling Brinkley*

M. Tyus Butler, Jr. (Georgia Bar No. 099950)
BOUHAN, WILLIAMS & LEVY LLP
P.O. Box 2139
Savannah, Georgia 31402-2139
(912) 644-5736
(912) 644-6236 (fax)

Neil A. Steiner
DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112-2200
(212) 698-3500

*Attorneys for Defendants Philip E. Cohen &
Morgan Schiff & Co., Inc.*

James L. Drake, Jr. (Georgia Bar No. 229250)
JAMES L. DRAKE, JR., P.C.
7 East Congress Street, Suite 901
P.O. Box 9945
Savannah, Georgia 31412
(912) 790-1533
(912) 790-1534 (fax)

*Attorneys for Defendant Bradley J. Stinn*

Dana F. Braun (Georgia Bar No. 078512)
CALLAWAY, BRAUN, RIDDLE & HUGHES,
P.C.
P.O. Box 9150
Savannah, Georgia 31412
(912) 238-2750
(912) 238-2767 (f)

Randall W. Bodner
Holly J. Caldwell
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7776
(617) 235-0340 (f)

*Attorneys for Defendant Sterling Brinkley*

M. Tyus Butler, Jr. (Georgia Bar No. 099950)
BOUHAN, WILLIAMS & LEVY LLP
P.O. Box 2139
Savannah, Georgia 31402-2139
(912) 644-5736
(912) 644-6236 (fax)

Neil A. Steiner
DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112-2200
(212) 698-3500

*Attorneys for Defendants Philip E. Cohen &
Morgan Schiff & Co., Inc.*


James L. Drake, Jr. (Georgia Bar No. 229250)
JAMES L. DRAKE, JR., P.C.
7 East Congress Street, Suite 901
P.O. Box 9945
Savannah, Georgia 31412
(912) 790-1533
(912) 790-1534 (fax)

*Attorneys for Defendant Bradley J. Stinn*

*/s/ Dana F. Braun*
Dana F. Braun (Georgia Bar No. 078512)
CALLAWAY, BRAUN, RIDDLE & HUGHES, P.C.
P.O. Box 9150
Savannah, Georgia 31412
(912) 238-2750
(912) 238-2767 (f)


Randall W. Bodner
Holly J. Caldwell
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7776
(617) 235-0340 (f)

*Attorneys for Defendant Sterling Brinkley*

*signature: Robert M. Cary*

John J. Ossick, Jr. (Georgia Bar Number 555150)
John J. Ossick, Jr., P.C.
Post Office Box 1087
230 South Lee Street
Kingsland, Ga. 31548
(912) 729-5864

John K. Villa
Robert M. Cary
Charles Davant IV
Williams & Connolly LLP
725 12th Street N.W.
Washington, DC 20005
(202) 434-5000

*Attorneys for Defendant Alston & Bird LLP*

**WHEREAS**, the Court has reviewed the foregoing Stipulation, and determined that the relief sought is just and appropriate under the circumstances, and consistent with the sound judicial administration (including rules and procedures established under the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Rule 9019, providing for the review and approval of certain types of settlements by the Bankruptcy Court and for the entry of ancillary orders in connection therewith)

**IT IS HEREBY ORDERED** pursuant to Fed. R. Civ. P. 41 that:

(1) All claims that were or could have been asserted in this Action by the Trustee against Defendants Morgan Schiff and Cohen are hereby DISMISSED with prejudice, with each party to bear its own costs and attorney's fees, contingent upon (a) the occurrence of the "Effective Date" under the Trustee's Proposed Settlement with Morgan Schiff and Cohen; and (b) the receipt by the Trustee of the cash settlement consideration provided for under that Proposed Settlement;

(2) All claims that were or could have been asserted in this Action by the Trustee against Defendant Brinkley are hereby DISMISSED with prejudice, with each party to bear its own costs and attorney's fees,

399304v1

contingent upon (a) the occurrence of the "Effective Date" under the Trustee's Proposed Settlement with Brinkley; and (b) the receipt by the Trustee of the cash settlement consideration provided for under that Proposed Settlement;

(3) All claims that were or could have been asserted in this Action by the Trustee against Defendant Stinn are hereby DISMISSED with prejudice, with each party to bear its own costs and attorney's fees, contingent upon (a) the occurrence of the "Effective Date" under the Trustee's Proposed Settlement with Stinn; and (b) the receipt by the Trustee of the cash settlement consideration provided for under that Proposed Settlement; and

(4) All claims that were or could have been asserted in this Action by the Trustee against Defendant A&B are hereby DISMISSED with prejudice, with each party to bear its own costs and attorney's fees, contingent upon the occurrence of the "Effective Date" under the Trustee's Proposed Settlement with A&B; and

(5) All claims that were or could have been asserted in this Action by the Trustee against Defendant Suglia are hereby DISMISSED with prejudice, with each party to bear its own costs and attorneys fees, contingent upon Suglia's execution of mutual releases with the Trustee releasing all claims related directly or indirectly to Friedman's or Crescent, any of the matters alleged in this Action, or the prosecution, settlement or litigation of this Action; and

**IT IS HEREBY FURTHER ORDERED** that, subject to this Court's powers of appellate review, this Court refers to the Bankruptcy Court all matters pertaining to approval of the Proposed Settlements under Bankruptcy Rule 9019(a) for purposes of (a) regulating notices to parties in interest of the Proposed Settlements, (b) determining whether to approve any or all of the Proposed Settlements, (c) entering orders granting such relief as may be necessary or appropriate to effectuate or facilitate consummation of said settlements, or (d) entering such other and further orders granting relief as may be necessary or appropriate under the Bankruptcy Rules, the Bankruptcy Code and/or the Proposed Settlements insofar as such relief relates,

399304v1

directly or indirectly, to the Bankruptcy Court's review, consideration, approval or enforcement of any of the Proposed Settlements.

DATED: June ___, 2008

                                                                B. Avant Edenfield, Judge
                                                                United States District Court
                                                                Southern District of Georgia

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2008, in accordance with the Administrative Procedures adopted by this Court by Standing Order, entered October 15, 2007, I caused the foregoing pleading to be served via the following methods: (1) via Notice of Electronic Filing to those parties listed below who are registered participants of the Electronic Case Filing System; and (2) via first class mail, with adequate postage affixed, addressed to those parties listed below who are not registered participants of the Electronic Case Filing System:

> John J. Ossick, Jr. (Georgia Bar Number 555150)
> John J. Ossick, Jr., P.C.
> Post Office Box 1087
> 230 South Lee Street
> Kingsland, GA 31548
> Telephone: (912) 729-5864
> E-Mail: ossick@tds.net
>
> John K. Villa (admitted *pro hac vice*)
> Robert M. Cary (admitted *pro hac vice*)
> Thomas G. Ward (admitted *pro hac vice*)
> Charles Davant IV (admitted *pro hac vice*)
> Williams & Connolly LLP
> 725 12th Street N.W.
> Washington, DC 20005
> Telephone: (202) 434-5000
> E-Mail: JVilla@wc.com
> E-Mail: RCary@wc.com
> E-Mail: CDavant@wc.com
>
> *Counsel for Defendant Alston & Bird LLP*
>
> M. Tyus Butler, Jr. (Georgia Bar No. 099950)
> BOUHAN, WILLIAMS & LEVY LLP
> P.O. Box 2139
> Savannah, GA 31402-2139
> Telephone: (912) 644-5736
> E-Mail: MTBUTLER@bouhan.com
>
> *Attorneys for Defendant Philip E. Cohen*

Guy Petrillo
Neil A. Steiner
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112-2200
Telephone: (212) 698-3500
E-Mail: guy.petrillo@dechert.com
E-Mail: neil.steiner@dechert.com

*Of Counsel for Defendant Philip E. Cohen*

James L. Drake, Jr. (Georgia Bar No. 229250)
JAMES L. DRAKE, JR., P.C.
7 East Congress Street, Suite 901
P.O. Box 9945
Savannah, GA 31412
Telephone: (912) 790-1533
E-Mail: jdrake7@bellsouth.net

*Attorneys for Defendant Bradley J. Stinn*

Dana F. Braun (Georgia Bar No. 078512)
CALLAWAY, BRAUN, RIDDLE & HUGHES, P.C.
P.O. Box 9150
Savannah, GA 31412
Telephone: (912) 238-2750
E-Mail: DBraun@CBRHLAW.COM

*Attorneys for Defendant Sterling Brinkley*

Randall W. Bodner
D. Ross Martin
Gregory O. Kaden
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Telephone: (617) 951-7776
E-Mail: randall.bodner@ropesgray.com
E-Mail: ross.martin@ropesgray.com
E-Mail: Gregory.Kaden@ropesgray.com

*Of Counsel to Defendant Sterling Brinkley*

M. Tyus Butler, Jr. (Georgia Bar No. 099950)
BOUHAN, WILLIAMS & LEVY LLP
P.O. Box 2139
Savannah, GA 31402-2139
Telephone: (912) 644-5736
E-Mail: MTBUTLER@bouhan.com

*Attorneys for Defendant Morgan Schiff & Co., Inc.*

Guy Petrillo
Neil A. Steiner
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112-2200
Telephone: (212) 698-3500
E-Mail: guy.petrillo@dechert.com
E-Mail: neil.steiner@dechert.com

*Of Counsel for Defendant Morgan Schiff & Co., Inc.*

This 23rd day of June, 2008.

                                        s/ David W. Adams
                                        David W. Adams
                                        Georgia Bar No. 002860